UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Francisco Zayas,<br><br>   *Plaintiff,*<br><br> v.<br><br>Lilmor Management LLC and 2 Stuyvesant Manor, Inc.,<br><br>   *Defendants.* | Civ. No. 20-CV-5847<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Francisco Zayas, by his undersigned attorneys Kakalec Law PLLC, as and for his Complaint, alleges as follows:

**Preliminary Statement**

1. Plaintiff Francisco Zayas worked as a janitor at Defendants' apartment buildings in New York from 2011 until 2019. For the whole of this time, despite working long hours and regularly working more than 40 hours a week, Mr. Zayas was never paid overtime for his hours above forty. Instead, he received flat monthly pay, most recently receiving approximately $560 each month.

2. Defendants failed to pay Plaintiff overtime compensation at one-and-one-half times his regular rate of pay for time worked each week in excess of 40 hours, as required by federal law.

3. Defendants also failed to pay Plaintiff the federally-required minimum wage and the unit rate required for a building of the size that he worked in.

4. To remedy these and other legal violations, Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* and New York Labor Law ("NYLL").  Plaintiff seeks, *inter alia*, his unpaid overtime pay, unpaid unit rate, liquidated damages, and damages for violation of New York Labor Law § 195.

## Jurisdiction and Venue

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 201 *et seq.* (FLSA), and 8 U.S.C. § 1343.

6. The Court has jurisdiction over Plaintiff's pendant state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction).  Plaintiff's state law claims are parts of the same case or controversy as Plaintiff's federal claim.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391.  A substantial part of the acts and/or omissions giving rise to the claims alleged in this Complaint occurred within this district.

8. Defendants reside and/or do business in this district.

## Parties

9. Plaintiff Francisco Zayas is an adult individual who resides in Brooklyn, New York.

10. During the time period covered by this Complaint, Plaintiff was employed by Defendants as a superintendent in two different apartment buildings in Brooklyn.

11. Plaintiff's primary and native language is Spanish.

12. At all times relevant to this action, Defendant Lilmor Management LLC ("Lilmor") was and is a New York limited liability company. It has its principal place of business at 2003 Avenue J, Suite 1-C, Brooklyn, NY 11210.

13. At all times relevant to this action, Defendant 2 Stuyvesant Manor Inc. ("2 Stuyvesant Manor") was and is a New York corporation with its principal executive office located at 2003 Avenue J, Suite 1-C, Brooklyn, NY 11210.

14. At all times relevant to this action, Defendants Lilmor and 2 Stuyvesant Manor have been an enterprise engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(r)–(s).

15. Defendant Lilmor is in the business of real estate rental and management. It manages and/or has managed property located at 575 Herkimer Street and 251 East 29th Street in Brooklyn.

16. Upon information and belief, at all times relevant to this action, Defendants have shared common ownership and management and operated for a common business purpose.

17. At all times relevant to this action, Defendants were "employers" of Plaintiff as defined in 29 U.S.C. § 203(d) and NYLL §§ 2(6), 190(3) and 651(6), and Defendants employed and/or jointly employed Plaintiff within the meaning of 29 C.F.R. § 791.2.

18. At all times relevant to this action, Plaintiff was a non-exempt "employee" of Defendants as defined by 29 U.S.C. §§ 203(e) and 213, and NYLL §§ 2(5), 190(2) and 651(5).

19. At all times relevant to this action, Defendants "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(g), and NYLL §§ 2 and 651.

### Factual Allegations

20. Plaintiff was hired by Defendants on or about in October 2011 as a superintendent of an apartment building located at 251 East 29th Street, Brooklyn, New York.

21. In or around November 2014, Plaintiff was moved to another building managed by Lilmor, located at 575 Herkimer Street, and he began working there as a superintendent.

22. At times relevant to this action, Plaintiff also resided at the property at 575 Herkimer Street.

23. Plaintiff's job duties included taking out garbage and recycling; cleaning common areas, floors, the laundry room, the parking lot, and the area where the compactor was located; purchasing supplies as needed; responding to complaints and emergencies of tenants; and making repairs in apartments throughout the buildings.

24. Plaintiff regularly worked more than 40 hours each week performing his superintendent duties.

25. Plaintiff was never paid overtime for the hours that he worked above 40.

26. Plaintiff also earned less than the federal minimum wage and less than the amount required under the Minimum wage Order for the Building Service Industry.

27. For example, Plaintiff regularly worked 50 or more hours in a week.  At a pay rate of $563 per month, this is an hourly pay rate of less than $3.00 per hour.

28. Plaintiff resided in an apartment provided by Defendants.  However, upon information and belief, Defendants never provided Plaintiffs with notice that a deduction would be taken for the furnishing of an apartment, nor how much the value of the apartment would be.

29. On a regular basis, the start to the finish of Plaintiff's workdays exceeded ten hours.  However, Plaintiff was never paid an additional hour at the minimum wage on the days in which his spread of hours exceeded ten hours.

30. Upon information and belief, Defendants did not track Plaintiff's work hours, or provide any means for Plaintiff to report his own work hours.

31. Plaintiff was paid monthly, on the first of every month, although he was a manual laborer.

32. Defendants also failed to furnish to Plaintiff, at the time he began working for Defendants, written notice of his wage rate or a written disclosure of the other information required by NYLL § 195(1) in Plaintiff's primary languages.

33. Defendants never thereafter furnished to Plaintiff written notice or a disclosure of the information required by NYLL § 195(1), including notices of any changes to Plaintiff's rate of pay.

34. In addition, Defendants failed to furnish proper and accurate wage statements to Plaintiff as required by NYLL § 195(3).

35. Defendants collectively had the power to establish, and did establish – directly or through their agent(s) – the terms of Plaintiff's employment.

36. Defendants, directly or indirectly, determined the rate and method of payment to be paid to Plaintiff.

37. Defendants collectively had the power to hire and fire Plaintiff, and each exercised that power, whether directly or indirectly through their agent(s).

38. Defendants collectively maintained employment records for Plaintiff.

39. Defendants, directly or indirectly, managed, supervised, and directed the work Plaintiff completed.

40. Plaintiff worked under the daily supervision of Lilmor and 2 Stuyvesant Manor. David, who worked in the Lilmor office, would call Plaintiff regularly, and direct him and as to task that he should perform.

41. David would also instruct Plaintiff as to the method for completing various tasks.

42. Defendants, through David, had and routinely exercised its power to review and approve Plaintiff's work.

43. At all times relevant to this action, Defendants failed to post, in a visible and accessible location, the required posters informing employees of their rights under the FLSA and under New York Labor Law.  As a result, the FLSA and New York Labor Law statute of limitations should be equitably tolled to allow Plaintiff to recover for legal violations during their entire period of employment.

44. During the course of his employment, Plaintiff handled, sold, or otherwise worked on items that were produced for movement in interstate commerce.

45. Upon information belief, during all years relevant to this action, Defendants had a gross annual volume of sales of not less than $500,000.

46. At all times relevant to this action, Defendants have employed two or more individuals, including Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

47. Defendants: (1) shared the services of the Plaintiff, (2) shared direct or indirect control over Plaintiff, (3) acted in the interest of one another, and (4) constitute joint employers of Plaintiff as defined by federal and state law.

48. Defendants undertook all of the actions and omissions alleged above either directly, or through their agents who were authorized to undertake such actions and omissions.

49. The actions and omissions alleged hereinabove were willful.

50. Plaintiff consents in writing to becoming a party in this action.  A true and correct copy of Plaintiff's consent to sue form is attached hereto as Exhibit 1.

## First Cause of Action
### (FLSA – Federal Minimum Wage and Overtime Compensation Violations)

51. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

52. Defendants willfully failed to pay Plaintiff at least the federally-mandated minimum wage of $7.25 per hour for every hour that Plaintiff worked, in violation of the FLSA, 29 U.S.C. § 206(a), and its implementing regulations.

53. Defendants also willfully failed to pay Plaintiff overtime at a rate of at least one-and-a-half times his regular hourly rate for every hour Plaintiff worked above forty (40) hours in a work week.  This failure violates the FLSA, 29 U.S.C. § 207(a), and its implementing regulations.

54. Defendants also violated the FLSA by failing to keep records as required by statute, 29 U.S.C. § 211(c).

55. Plaintiff is entitled to his unpaid wages, plus an additional equal amount in liquidated damages, as a consequence of Defendants' unlawful actions and omissions, in accordance with 29 U.S.C. § 216(b).

56. Plaintiff is also entitled to costs of Court, pursuant to 29 U.S.C. § 216(b).

57. Plaintiff seeks, and is entitled to, attorneys' fees incurred by his counsel, pursuant to 29 U.S.C. § 216(b).

**Second Cause of Action**
**(Failure to pay wages as required by the Minimum Wage Order for the Building Service Industry)**

58. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

59. Defendants willfully failed to pay Plaintiffs the weekly rate required for janitors in residential buildings, as set forth in New York Labor Law and its implementing regulations, specifically the Minimum Wage Order for the Building Service Industry, § 141-1.2(a).

60. Defendants' failure to pay the required wages as set forth above was willful within the meaning of New York Labor Law §§ 198, 663, and 681.

61. Plaintiff is entitled to their unpaid wages mandated by New York Labor Law, plus an additional 100 percent as liquidated damages, as a consequence of the Defendants' unlawful actions and omissions in accordance with New York Labor Law §§ 198, 663, and 681.

62. Plaintiff seeks, and is entitled to, attorneys' fees incurred by their counsel, costs of Court, and interest.

## Third Cause of Action
### (New York Labor Law – Spread of Hours)

63. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

64. Plaintiff regularly worked days in which the end of his work period was more than ten (10) hours from the beginning of his work period.

65. Defendants, in violation of 12 N.Y.C.R.R. § 146-1.6, never paid Plaintiff an additional hour of pay at the minimum wage rate for every day in which the interval between the beginning and the end of Plaintiff's work day was more than ten (10) hours.

66. Plaintiff is entitled to his unpaid spread of hour pay as mandated by NYLL, plus an additional 100 percent as liquidated damages, as a consequence of the Defendants' unlawful actions and omissions, in accordance with NYLL §§ 198, 663, and 681.

67. Plaintiff also seeks, and is entitled to, attorneys' fees incurred by his counsel, costs of Court, and interest.

## Fourth Cause of Action
### (NYLL – Wage Notice and Wage Statement Violations)

68. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully therein.

69. Defendants failed to provide Plaintiff, at the time of his hiring or thereafter, wage notices in his primary language containing his rates of pay and other information as required by New York Labor Law § 195(1).

70. Defendants also failed to provide Plaintiff with accurate wage statements with every payment of wages which provided all of the information required under New York Labor Law § 195(3).

71. For Defendants' violation of New York Labor Law § 195(1), Plaintiff is entitled to $50 for each workday in which this violation continued to occur, in an amount not to exceed $5,000, pursuant to New York Labor Law §198(1-b).

72. For Defendants' violation of New York Labor Law § 195(3), Plaintiff is entitled to $250 for each workday in which this violation continued to occur, in an amount not to exceed $5,000, pursuant to New York Labor Law §198(1-d).

73. Plaintiff also seeks, and is entitled to, attorneys' fees incurred by his counsel, costs of Court, and interest.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

**WHEREFORE**, Plaintiff requests that this Court enter an Order:

   a. assuming jurisdiction over this action;

   b. declaring Defendants violated the FLSA and New York Labor Law;

   c. permanently enjoining Defendants from further violations of the FLSA and New York Labor Law;

   d. granting judgment to Plaintiff on his FLSA claims and awarding Plaintiff his unpaid wages and an equal amount in liquidated damages;

e. Granting judgment to Plaintiff on his New York Labor Law claims and awarding Plaintiff his unpaid wages, applicable statutory damages, and liquidated damages as provided for by statute;

f. Awarding Plaintiff prejudgment and postjudgment interest as allowed by law;

g. Awarding Plaintiff his costs and reasonable attorneys' fees; and

h. Granting such further relief as the Court deems just and proper.

**DATED**:   Brooklyn, NY
December 2, 2020

**KAKALEC LAW PLLC**

Patricia Kakalec
195 Montague Street, 14th Floor
Brooklyn, NY 11201
(212) 705-8730
Patricia@KakalecLaw.com

*Attorneys for Plaintiffs*

# EXHIBIT 1

## CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I consent to be a party Plaintiff in an action against Lilmor Management LLC and 2 Stuyvesant Manor, Inc. (collectively "Employer") and/or related entities and/or individuals to recover unpaid minimum wage and overtime pay, liquidated damages, attorney's fees, costs and other relief under the Fair Labor Standards Act related to my work for Employer.

*Translation to Spanish/Traducción al español*

## CONSENTIMIENTO PARA DEMANDAR BAJO LA LEY DE CONDICIONES RAZONABLES DE TRABJO

Doy mi consentimiento para ser un demandante en una acción judicial en contra de Lilmor Management LLC y 2 Stuyvesant Manor, Inc. (colectivamente "Empleador")) y/o individuos o entidades relacionados para recuperar el pago del salario mínimo y salario por horas extras no pagado, daños y perjuicios establecidos, honorarios del abogado, gastos y cualquier otra reparación bajo la Ley de Condiciones Razonables de Trabajo (Fair Labor Standards Act) relacionado con mi trabajo para Empleador.

**Francisco Zayas**
Firma – Francisco Zayas

**Francisco Zayas**
Date/Fecha

Signature: _Francisco Zayas (Nov 25, 2020 11:23 EST)_
Email: